IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| RONALD W. KNIGHT, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | No. CIV-20-727-C |
| | ) | |
| WARDEN OF JCCC, | ) | |
| | ) | |
| Respondent. | ) | |

**O R D E R**

Petitioner has filed a Notice of Appeal and request for a Certificate of Appealability ("COA"). Additionally, the Tenth Circuit, has directed the Court to determine whether Petitioner is eligible for a COA. Petitioner must be granted a COA before his appeal of the Court's dismissal of this 28 U.S.C. 2254 Petition can proceed. See 28 U.S.C. § 2253(c)(1)(A); Montez v. McKinna, 208 F.3d 862, 869 (10th Cir. 2000) (holding that § 2253(c)(1)(A) requires a state prisoner to obtain a COA regardless of whether he is seeking relief under § 2254 or under § 2241).

Petitioner is entitled to a COA only upon making a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253(c)(2). Petitioner can make such a showing by demonstrating that the issues he seeks to raise are deserving of further proceedings, debatable among jurists of reason, or subject to different resolution on appeal. See Slack v. McDaniel, 529 U.S. 473, 483 (2000) ("[W]e give the language found in § 2253(c) the meaning ascribed it in Barefoot [v. Estelle, 463 U.S. 880, 893 (1983)], with due note for the substitution of the word 'constitutional.'"). "Where a district court has

rejected the constitutional claims on the merits, . . . [t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. at 484.

Here, Petitioner has failed to offer any basis for reasonable debate. As the Report and Recommendation of the Magistrate Judge made clear, Petitioner's case cannot proceed, as his claims are procedurally barred. This determination is not reasonably debatable and, as the Court noted in adopting the Report and Recommendation, warrants no discussion or analysis, as the Magistrate Judge thoroughly and correctly addressed the issues. Accordingly, Petitioner's request for a COA is denied.

Petitioner has also filed an application to proceed in forma pauperis on appeal. Although 28 U.S.C. § 1915(b) does not apply to habeas actions, see McIntosh v. United States Parole Comm'n, 115 F.3d 809, 812 (10th Cir. 1997) (holding Prison Litigation Reform Act inapplicable to habeas and § 2255 actions and appeals), both § 1915(a)(1) and (a)(3) do apply to a habeas appeal. Accordingly, a petitioner must show that the appeal is taken in good faith and that he lacks the financial ability to pay the required fees. See id.

Having reviewed the motion, the Court finds that Petitioner has not presented a reasoned, nonfrivolous argument on appeal and that the appeal is not taken in good faith. Thus, he is not entitled to prosecute his appeal without payment of the filing and docketing fees.

As set forth more fully herein, Petitioner's Notice of Appeal, Motion for a Certificate of Appealability and Request for In Forma Pauperis status (Dkt. No. 11) is

DENIED. Petitioner is advised that unless the $5.00 appellate filing fee and the $500.00 docket fee are paid in full to the Clerk of this Court within 20 days of the date of this Order, the action may be subject to dismissal by the appellate court.

    IT IS SO ORDERED this 22nd day of September 2020.

ROBIN J. CAUTHRON
United States District Judge